IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOEL B. ATTIA, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:23-00089-TFM-N |
| | ) |
| BYRDS GARAGE, *et al*., | ) |
|     Defendant. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff Joel B. Attia – who is proceeding without counsel (*pro se*) and *in forma pauperis* ("IFP") – initiated the above-styled civil action by filing a complaint on March 15, 2023. (Doc. 1).[1] However, subsequent to Attia's initiation of this action, he has failed to prosecute it and comply with Court directives. Accordingly, upon consideration and for the reasons stated herein, the undersigned **RECOMMENDS** this action be **DISMISSED without prejudice**.

*I.    Background*

As noted above, Attia initiated this action by filing a complaint, along with a contemporaneous IFP motion, on March 15, 2023. (Docs. 1, 2). Two days later, he filed a motion to amend his complaint. (Doc. 4). On review of these filings, the undersigned noted several deficiencies with respect to both Plaintiff's initial complaint (Doc. 1) and IFP motion (Doc. 2). (*See* Doc. 5). By order dated March 29, 2023, the undersigned identified those deficiencies, ordering Attia to: (1) file an amended complaint and (2)

---

[1] The District Judge assigned to this case has referred this action to the undersigned Magistrate Judge for consideration and disposition or recommendation on all pretrial matters as may be appropriate pursuant to S.D. Ala. GenLR 72 and in accordance with 28 U.S.C. § 636(b)(1). (Doc. 3).

1

pay the requisite filing fee for this action or file an amended IFP motion, by no later than April 19, 2023. (*Id.*).[2] Attia timely complied by filing an amended complaint and amended IFP motion on April 17, 2023. (Docs. 6, 7). While the undersigned granted Attia's IFP motion, his amended complaint remained deficient. (*See* Doc. 8).[3] After noting those deficiencies, the undersigned instructed Attia to file a Second Amended Complaint ("SAC"), resolving the same, by no later than June 12, 2023. (Doc. 8, PageID.43).

Four days before the date for compliance – on June 8, 2023 – Attia initiated a "new" action with the Court by filing a complaint and IFP motion, both styled *Attia v. Cannon Ford et al.*, bearing the Civil Action No. 1-23-00214-TFM-N (hereinafter, "*Cannon Ford I*"). The *Cannon Ford I* complaint named 18 defendants, many of whom were also identified in Attia's initial complaint, motion to amend and amended complaint in this action. (Docs. 1, 4, 6).[4] Given the close timing and similarity of the information set out therein, by order dated June 15, 2023, the undersigned explained:

> In the *Byrds Garage* case, Attia was granted IFP status by order dated May 22, 2023, and he was instructed to file a second amended complaint by no later than June 12, 2023. (*See Byrds Garage*, Doc. 8). Based on the information provided by Attia's complaint in the *Cannon Ford* case (*see Cannon Ford*, Doc. 1), much of which bears resemblance to the factual allegations set out in the *Byrds Garage* amended complaint (*see Byrds*

---

2 This order also explained: "Failure to comply with this directive will result in entry of a recommendation to the Court that Attia be denied leave to proceed IFP in this action, and that this action be dismissed without prejudice *sua sponte* for failure to pay the filing fee required by § 1914 and/or failure to comply with a court order." (Doc. 5, PageID.23).

3 The undersigned determined Attia's initial IFP motion (Doc. 2) and motion to amend the complaint (Doc. 4) were both moot as a result of his filing an amended IFP motion (Doc. 7) and an amended complaint. (Doc. 6). Fed. R. Civ. P. 15(a).

4 For the sake of clarity in discussing Attia's three separate cases, the above-styled action (*Attia v. Byrds Garage,* Civil Action No. 1:23-00089-TFM-N) will be referred to simply as "*Byrds Garage.*"

2

>*Garage*, Doc. 6), the Court construes the "complaint" filed in the *Cannon Ford* action as Plaintiff's attempt to comply with the Court's instruction to file a second amended complaint in the *Byrds Garage* action.

(Doc. 8, PageID.61-62). The undersigned then directed the Clerk to: (1) enter the *Cannon Ford I* complaint as the SAC in *Byrds Garage*, (2) administratively terminate *Cannon Ford I* as erroneously opened, (3) withhold service of the now-docketed SAC to permit review under 28 U.S.C. § 1915(e)(2) and (4) send a copy of the order to Attia.[5]

Shortly thereafter – on June 21, 2023 – Attia filed a self-styled "Motion to Ask for All Movable Laptops and All Nvidia Corp. Equipment of the Defendants," in the *Byrds Garage* action which also sought to "add a few more defendants." (Doc. 11). A contemporaneous notice was also filed entitled "Other Facts of the Case." (Doc. 12). Attia made no objection to or mention of the Court's construction of the *Cannon Ford I* complaint, discussed *supra*. Then, five days later – on June 26, 2023 – Attia filed another "new" complaint and IFP motion, also styled *Attia v. Cannon Ford et al.*, bearing the Civil Action No. 1-23-00238-KD-MU (hereinafter, "*Cannon Ford II*"). Attia wrote "2 Time Filing" in the margin of the *Cannon Ford II* complaint; however, it again named many of the same defendants and involved the same factual allegations as those set out in the now-operative *Byrds Garage* SAC (previously the complaint in *Cannon Ford I*). Apart from the note in the margin, the *Cannon Ford II* complaint makes no objection or mention of the Court's prior construction of the

---

5 To the extent a ruling was needed on the IFP motion filed in *Cannon Ford I*, the undersigned concluded the motion was moot due to IFP status having been granted in *Byrds Garage*. (*See* Doc. 10, PageID.62).

3

*Cannon Ford I* complaint.

Sensing an emerging pattern, the undersigned entered an order dated July 11, 2023, ordering Attia "to refrain from filing any new complaints and IFP motions that involve[] the same defendants and/or factual allegations which have been previously asserted in *Byrds Garage, Cannon Ford* [*I*] or *Cannon Ford II*." (Doc. 13, PageID.68). However, this order also granted Attia leave to file a Third Amended Complaint ("TAC") in *Byrds Garage* and instructed him to "consolodat[e] the various and similar factual allegations from all three cases into a single document so that the Court can properly evaluate his claims." (*Id.*). Attia was given until July 25, 2023 to file this TAC. (*Id.*). To date, Attia has not filed a TAC nor any other items with the Court.

## II.  *Dismissal*

A federal district court is authorized to dismiss a case *sua sponte* for failure to prosecute under both Federal Rule of Civil Procedure 41(b) and its inherent power to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005); *see also* S.D. Ala. CivLR 41(c) ("Whenever it appears that the Plaintiff is not diligently prosecuting the action, the Court upon notice may dismiss the action for failure to prosecute, in accordance with applicable law."). Here, after having filed three complaints involving the same defendants and factual allegations, the undersigned provided Attia an opportunity to clarify his cause(s) of action by filing a TAC. (*See* Doc. 13). To date, Attia has not done so, nor has he sought an extension of time to do so, and no prior order has been returned as undeliverable. Upon consideration of these facts and of the alternatives available to the Court, the

4

undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice** for failure to prosecute, under both Rule 41(b) and the Court's inherent authority, as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1983); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983).

### III. *Conclusion*

In accordance with the foregoing analysis, the undersigned **RECOMMENDS** that Attia's SAC dated June 15, 2023 (Doc. 9) be **DISMISSED without prejudice** for failure to prosecute and/or non-compliance with the Court's orders pursuant to both Fed. R. Civ. P. 41(b) and this Court's inherent authority, and that that final judgment be entered accordingly under Federal Rule of Civil Procedure 58. In accordance with this recommendation, the undersigned further **RECOMMENDS** that Attia's self-styled "Motion to Ask for All Movable Laptops and All Nvidia Corp. Equipment of the Defendants" (Doc. 11) be **DENIED as MOOT**.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order

based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 29th day of August 2023.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**